HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT OF
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS HANIFY and ALICE HANIFY, married persons, and as parents/natural guardians for M. H., A. H., S. H. and A. R. H.; CAITLANE N. FALLON-HANIFY, an unmarried person,<br><br>                    Plaintiffs,<br>     v.<br><br>ALLSTATE PROPERTY AND CASUALTY COMPANY, a foreign insurance company,<br><br>                    Defendant. | No. 2:15-cv-00070-BJR<br><br>ORDER APPROVING SETTLEMENT AND FOR DISBURSEMENT OF FUNDS |

The Stipulated Motion to Approve Proposed Settlement for Minor Plaintiffs having come before the Court and the Court having considered said motion, the Amended Report of the Settlement Guardian ad Litem ("SGAL") and having considered the files and records herein; it is hereby ORDERED:

1. The following proposed settlement, as set forth in the Stipulated Motion to Approve Proposed Settlement For Minor Plaintiffs, is approved:

Total Settlement: $300,000.00

    Less Costs: $72, 418.97
    Less Attorney fees: $100,000.00

Net Settlement Proceeds: $127,581.03

Apportioned as follows:

Alice and Thomas Hanify: $50,081.03

Minor M.H.: $10,000.00, to be placed into a blocked account per instructions below
Minor S.H.: $10,000.00, to be placed into a blocked account per instructions below
Minor A.R.H.: $10,000.00, to be placed into a blocked account per instructions below
Minor A.H.: $47,500.00, to be placed in a structured settlement per instructions below

2. The costs and attorney's fees incurred herein are reasonable and approved as follows:

   A. Costs total: $72,418.97 as itemized in Docket #61.

   B. Attorney's Fees 33.33% (1/3) of $300,000.00 = $100,000.00

3. The SGAL's fees and costs in the amount of $3,500.00 are reasonable and approved, and shall be paid by the Defendant within thirty (30) days of entry of this Order.

4. The SGAL or a parent of the minors is authorized to execute releases of the minors M.H., A.H., S.H., A.R.H.

5. The apportioned funds of the net settlement proceeds shall be disturbed to the minor plaintiffs as follows:

(a) The $10,000.00 net proceeds of the settlement to the minor M.H. shall be held in trust by Plaintiffs' for minor M.H. pending disposition according to the terms of this order
   (i) Alice Hanify shall open a blocked account with a state or federally regulated and insured financial institution located in the State of Washington, using M.H.'s Social Security number. She shall then inform Plaintiffs' counsel of the financial institution's name, address, and account number for the blocked account, which person shall then be responsible for the deposit of the $10,000.00 into the blocked account and for the completion and filing of the "Receipt of Funds into Blocked Account."
   (ii) Plaintiffs' counsel shall cause the funds to be deposited into a blocked account with a state or federally regulated and insured financial institution located in the State of Washington,

(b) The $10,000.00 net proceeds of the settlement to the minor S.H. shall be held in trust by Plaintiffs' counsel for minor S.H. pending disposition according to the terms of this order
   (i) Alice Hanify shall open a blocked account with a state or federally regulated and insured financial institution located in the State of Washington, using S.H.'s Social Security number. She shall then inform Plaintiffs' counsel Attorney of the financial institution's name, address, and account number for the blocked account, which person shall then be responsible for the deposit of the $10,000.00 into the blocked account and for the completion and filing of the "Receipt of Funds into Blocked Account."

    (ii)    Plaintiffs' counsel shall cause the funds to be deposited into a blocked account with a state or federally regulated and insured financial institution located in the State of Washington..

(c) The $10,000.00 net proceeds of the settlement to the minor A.R.H. shall be held in trust by Plaintiffs' counsel for minor A.R.H. pending disposition according to the terms of this order

    (i)    Alice Hanify shall open a blocked account with a state or federally regulated and insured financial institution located in the State of Washington, using A.R.H.'s Social Security number. She shall then inform Plaintiffs' counsel of the financial institution's name, address, and account number for the blocked account, which person shall then be responsible for the deposit of the $10,000.00 into the blocked account and for the completion and filing of the "Receipt of Funds into Blocked Account."

    (ii)    Plaintiffs' counsel shall cause the funds to be deposited into a blocked account with a state or federally regulated and insured financial institution located in the State of Washington.

(d) With respect minor A.H., Allstate shall pay a one-time, lump sum of $47,500.00 to New York Life Insurance Company for a structured settlement for the benefit of minor A.H.

The structured settlement will make the following future periodic payments to A.H. (payee) on the dates and in the amounts indicated below:

$5,000.00 guaranteed, payable at Age 18 on 06/11/2023.
$10,000.00 guaranteed, payable at Age 20 on 06/11/2025.
$15,000.00 guaranteed, payable at Age 22 on 06/11/2027.
$30,745.28 guaranteed, payable at Age 24 on 06/11/2029.

This present value cost is calculated on the assumption that the defendant or it's insurer will fund the future periodic payments on or before October 12, 2016.  In the event that date is not met or the purchase price changes, the payment(s) noted above shall be adjusted upward or downward accordingly.  In any event, the purchase price of the annuity contract shall be $47,500.00.

The above periodic payments cannot be accelerated, deferred, increased or decreased by the Plaintiff A.H. or any payee; nor shall the Plaintiff A.H. or any payee have the power to sell, mortgage, encumber, or anticipate the periodic payments, or any part thereof, by assignment or otherwise.

The obligation to make periodic payments described herein will be assigned to New York Life Insurance and Annuity Corp. ("Assignee") and funded by an annuity contract issued New York Life Insurance Company ("Annuity Issuer"), rated A++ (Superior) by A.M. Best Company.

    Any payments to be made after the death of A.H. shall be made to the Estate of A.H. After the age of majority, A.H. may submit a change of beneficiary, in writing, to Assignee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to Assignee. The designation must be in a form acceptable to Assignee. The designation approved by the Court at this time is the Estate of A.H.

All parties shall cooperate fully and execute any and all supplementary documents, including an Addendum to Settlement Agreement and Mutual Release and Qualified Assignment, in compliance with IRC 104 (a)(2) and Section 130 of the Internal Revenue Code of 1986, as amended.

6. Within 30 days of this Order, Plaintiffs' counsel shall file with the Court:

   a. Receipt of Funds into a Blocked Financial Account, as evidence that the deposits into the blocked accounts has been carried out with respect to minors M.H., S.H., A.R.H.
   b. Proof of Annuity Acquisition, as evidence that a structured settlement has been carried out with respect to minor A.H.

7. The SGAL is discharged upon completion of the requirements stated above.

8. Withdrawals of funds placed in blocked accounts shall not be made except by court order.

SO ORDERED this 15th day of _November_, 2016

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER APPROVING SETTLEMENT AND FOR
DISBURSEMENT OF FUNDS- 4 of 5
Case No.: 2:15-cv-00070-BJR

Presented by:

GRELISH LAW PLLC

By s/ Kristine Grelish
Kristine A. Grelish, WSBA #37175
Attorneys for Plaintiffs M. H., A. H., S. H. and A.R.H.

Agreed as to Form and Content:

RIDDELL WILLIAMS P.S.

By s/ Bryan Case
Gavin W. Skok, WSBA #29766
Bryan J. Case, WSBA #41781
Attorneys for Defendant Allstate Property and Casualty Insurance Company

OLIVE BEARB LAW GROUP, PLLC

By   s/ Timothy Bearb
Timothy A. Bearb, WSBA #39300
Attorneys for Plaintiffs Thomas and Alice Hanify